923 F.2d 856
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff-Appellant,
v.
Thomas HANLON, et al., Defendant-Appellees.
 Nos. 89-2144, 89-2368.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1990.*
Decided Jan. 14, 1991.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Marshall Jackson, a state prisoner, is in administrative segregation at the Indiana State Farm. He has filed a series of suits under 42 U.S.C. Sec. 1983; we have consolidated these two for decision.
 
 
 2
 Most of Jackson's objections to the circumstances of his assignment to segregation and the conditions there have no possible merit. The district court dismissed both of these suits as frivolous, without allowing Jackson to proceed in forma pauperis under 28 U.S.C. Sec. 1915. For the most part these decisions are beyond serious challenge even under the high standard of Nietzke v. Williams, 490 U.S. 319 (1989). For example, Jackson's contention that he was not told before a hearing in 1989 that he might be transferred from the maximum security unit to administrative segregation fails on two grounds: first that the transfer was beneficial rather than detrimental to him, and second that Indiana's rules do not set up exclusive factual predicates for placement in administrative segregation, so that the move did not involve liberty or property for purposes of the due process clause of the fourteenth amendment. See Kentucky Department of Corrections v. Thompson, 109 S.Ct. 1904, 1909-10 (1989); Hewitt v. Helms, 459 U.S. 460 (1983). That the procedures may have violated state law is irrelevant; Sec. 1983 is not a vehicle for enforcing state rules. Olim v. Wakinekona, 461 U.S. 238 (1983).
 
 
 3
 Jackson's contention that the state must treat prisoners in administrative segregation the same as prisoners in the general population amounts to an assertion that there may be no such thing as administrative segregation; the classification is defined by differences from the way other inmates are treated. Hewitt disposes of any such claim. States maintain minimum, medium, and maximum security prisons; segregation is closer custody within a given prison. If the state need not give identical treatment to prisoners in different institutions, it need not offer identical treatment to those in different grades in the same prison. Jackson might as well argue that the prisoners in USP Marion should be treated the same for all purposes as those in the prison camp that surrounds the penitentiary. For these reasons, as well as those stated by the two district judges, most of Jackson's claims are frivolous within the meaning of Nietzke.
 
 
 4
 Two are not so easily disposed of, however. In one suit Jackson contends that the prison violated the eighth amendment by refusing to serve him a special diet prescribed by his physician; in the other Jackson contends that the prison violated the first and sixth amendments by opening and reading mail between prisoners and their attorneys. Each is a recognized claim, and under Nietzke the judge may not dismiss such a claim before service of process just because the judge believes that Jackson will be unable to prove his allegations.
 
 
 5
 Defendants do not deny that both of these claims have at least potential merit. They contend, however, that Jackson pleaded himself out of court in each case. For example, Jackson furnished the district judge with copies of some of his complaints to prison officials about the food. Several protest that he is tired of fruit cocktail. Defendants say that these show that he has been receiving the prescribed diet but wants greater variety. If so, he has no claim. The eighth amendment assures prisoners a medically and nutritionally sound diet; it does not guarantee a pleasant culinary experience. Jackson should count himself lucky that he need not subsist on Spam. Jackson's reply brief insists, however, that defendants misunderstand the import of the missives. He contends that for six months the prison did nothing to meet his medical needs and that since then its compliance with the prescribed diet has been spotty. Jackson's complaint, liberally read as both Fed.R.Civ.P. 8 and Haines v. Kerner, 404 U.S. 519 (1972), require, gets over the Nietzke threshold. Whether it survives a motion for summary judgment will abide the creation of a record. If as the defendants believe Jackson has no foundation at all for his claims, the district court should impose sanctions under Fed.R.Civ.P. 11. Prisoners proceeding IFP are not immune from Rule 11; although prison trust funds may be used to buy both necessities such as shoe laces and luxuries such as chocolate chip cookies, prisoners must understand that both are at risk if they file frivolous cases.
 
 
 6
 As for the opening of legal mail: the district court dismissed this not because of any conceptual defect but because the allegation in the complaint that "legal mail is being opened out of our presence and then delivered to us on the M.S.U." is "wholly uninformative concerning what transpired, on what occasions, the circumstances under which this occurred and what persons were involved." Rule 8 does not require a complaint to contain details of this kind, however, and both Nietzke and Haines require the district court to indulge at the pleading stage inferences favorable to the plaintiff. Liberally read, this complaint alleges that Jackson's legal mail has been opened and read outside of his presence. This is a colorable claim and should not have been cut off in advance of service and answer.
 
 
 7
 The judgments under review are affirmed except to the extent we have indicated, and the cases are remanded for further proceedings consistent with this opinion. The district court may think it prudent to assign these two cases, together with Jackson's other litigation, to a single judge for further proceedings.
 
 CUDAHY, Circuit Judge, concurring:
 
 8
 The majority is correct that prisoners proceeding IFP are not "immune" from Rule 11. Neither do any annotations to the Rule suggest prison trust funds as prominent in the calculations of its draftsmen or as usual targets for its application. In this as in all else, common sense seems an appropriate standard for the exercise of discretion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record